# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **ZANITA PHILLIPS**<br>            **Plantiff** | **CIVIL ACTION NO. _____** |
| **VERSUS** | **JUDGE _____** |
| **SPIREON, INC.**<br>            **Defendant** | **MAGISTRATE HORNSBY** |

## COMPLAINT WITH JURY DEMAND

### I.  JURISDICTION

1.

This is an action for declaratory and monetary relief for gender discrimination in employment and retaliation in violation of *i)* the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, *ii)* Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq., iii)* Louisiana Revised Statutes 23:332, and *iv)* Article 2315 of the Louisiana Civil Code.

2.

The plaintiff filed a timely charge of discrimination with the United States Equal

Employment Opportunity Commission.

3.

On March 7, 2017, the EEOC issued a right to sue letter to the plaintiff. The plaintiff received the letter on about March 8, 2017. A copy is attached.

4.

Jurisdiction is based on 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331, 1343(a)(4) and 2201. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction to hear and decide any of the plaintiff's claims which arise under state law.

5.

The plaintiff resides within this division and district and the unlawful employment practices complained of occurred within this division and district. Therefore, venue is proper under 42 U.S.C. §2000e-5(f)(3).

II. PARTIES

6.

The plaintiff is Zanita Phillips, a woman of the age of majority domiciled in Shreveport, Louisiana.

7.

The defendant is Spireon, Inc., a foreign corporation qualified to do business within the State of Louisiana, which may be served though its agent for service of process, Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana.

8.

The defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964.

III. ALLEGATIONS OF FACT

9.

Before she was employed by the defendant, the plaintiff had been an independent reseller of GPS devices for Position Plus which was in the business of selling such devices to automobile dealerships and other businesses that needed the ability to locate their assets.

10.

At some point in 2015, Position Plus was acquired by the defendant.

11.

On about October 29, 2015 the plaintiff received a letter from the defendant offering her the position of Regional Sales Director at a salary of $36,000, a car allowance of $500 monthly and commissions in accordance with company policy and commensurate with performance. Although the salary offered was lower than the salary of male employees doing the same work with the same experience. the plaintiff accepted the offer that same day.

12.

According to the agreement the plaintiff would be reporting to Neil Fisher, but she had little contact with him

13.

In January of 2016 the plaintiff learned that from then on her supervisor would be Andy Seckinger, who began a campaign of repeated and unwanted sexual harassment by phone calls and text messages.

14.

Specifically, shortly after meeting the plaintiff, Mr. Seckinger said, either by phone, in person, or by text, that he wanted her, that he did not want to see her with another man, and that he would take care of her. On February 12, 2016, he called and said he was jealous and did not like her working with Dave Boekholder, who was Mr. Seckinger's supervisor at the time. He also asked her to pick him up from an airport in Dallas and drive him to Oklahoma City, which she refused to do. He called the plaintiff, who is married, at home and made comments of a sexual nature. On one occasion in Little Rock he tried to get the plaintiff into his hotel room and expressed the wish that she would stay in the same hotel.

15.

The repeated advances from Mr. Seckinger were not welcomed nor encouraged.

16.

At a meeting with Mr. Boekholder, Mr. Seckinger's supervisor, around February 16 through 19, 2016, the plaintiff told him of the harassment by Mr. Seckinger and was told that it would be taken care of.

17.

For a short time the phone calls and texts from Mr. Seckinger ceased but then the

management of the defendant doubled the plaintiff's sales quotas and began to deny her commissions that she had earned.

18.

As a result of the harassment and retaliation, the plaintiff resigned her position with the defendant as of June 1, 2016. She was, in effect, constructively terminated by the retalitory treatment she received after complaining of sexual harassment.

IV. FIRST CAUSE OF ACTION

19.

The plaintiff's discharge by the defendant was illegal and in violation of Title VII of the Civil Rights Act of 1964 and La. R. S. 23:331. As a result of the defendants illegal action the plaintiff has incurred pecuniary damages, and has suffered, and continues to suffer, distress, humiliation, embarrassment, and damage to her business reputation. The plaintiff is entitled to the recovery of pecuniary damages, including back pay, loss of earning capacity, front pay in lieu of reinstatement, and other pecuniary damages caused by her discharge, non-pecuniary damages sufficient to fully compensate her for harm caused by the defendant's discriminatory conduct, punitive damages, reasonable attorney's fees, all costs, and such equitable relief as the Court may deem just and proper.

20.

The plaintiff is also entitled to recovery against the defendant for damages under the general tort law of the State of Louisiana, specifically Article 2315 of the Civil Code of

Louisiana, for damages including pecuniary and non-pecuniary damages for mental and emotional pain and suffering, lost earnings capacity, and damage to her reputation.

IV. JURY DEMAND

19.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff demands trial by jury.

WHEREFORE the plaintiff prays for judgment as follows:

1. That the Court declare the defendant's employment practices which have been complained of to be in violation of 42 U.S.C. § 2000e *et seq.*, as amended, 42 U.S.C. § 1981, as amended, and Louisiana Revised Statutes 23:331, 51:2231 *et seq.* (including §§ 2242, 2256, and 2264), and 2315;

2. That the plaintiff be awarded compensatory damages, including back pay, front pay, loss of earning capacity, mental and emotional pain and suffering, and damage to her business reputation;

4. That the plaintiff be awarded punitive damages;

5. That the plaintiff be awarded reasonable attorney fees;

6. That the plaintiff be awarded all costs of this action, including expert witness fees;

7. That the plaintiff be awarded interest on all monetary relief, including back pay, damages, costs, fees and expenses, from the date of judicial demand and as otherwise provided

by law; and

      8.      That the plaintiff be awarded such other relief as the Court finds equitable, just and proper.

              Respectfully submitted,

              BROOCKS GREER
              ATTORNEY AT LAW, LLC

              <u>s/J. Broocks Greer III</u>
              J. Broocks Greer III #6343
              839 Kings Highway
              Suite 230
              Shreveport LA 71034
              318 671-4360
              318 671-4367 FAX

              Attorney for the Plaintiff