# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| ZANITA PHILLIPS | CIVIL ACTION NO. 5:17-CV-00727 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| SPIREON, INC. | MAG. JUDGE MARK L. HORNSBY |

## RULING

Plaintiff Zanita Phillips ("Phillips") sued her former employer, Spireon, Inc. ("Spireon") alleging she suffered wage discrimination because of her gender, was sexually harassed by a supervisor, and was subjected to retaliation and constructively discharged after reporting the harassment. Pending here is Spireon's Motion for Summary Judgment [Doc. No. 27] seeking dismissal of Phillips' claims. Phillips has filed an Opposition [Doc. Nos. 29, 34]. Spireon has filed a Reply [Doc. No. 35].

For the following reasons, the Motion for Summary Judgment is **GRANTED.**

## I.   FACTS

Spireon provides GPS systems that allow customers to track, manage, and protect vehicles and other mobile assets. In October 2015 Spireon acquired Position Plus GPS, a competitor for whom Phillips had served as an independent sales contractor for two years. Following the acquisition, Phillips accepted a job as a Regional Sales Director for Spireon with a base salary of $36,000, the opportunity to earn commissions on sales, and certain other benefits.

Working as an independent sales contractor for Position Plus GPS had allowed Phillips to set her own hours and work when she wanted. However, as a Regional Sales Director with Spireon, Phillips became a salaried employee. As such, she was expected to meet minimum

sales quotas, was assigned exclusive geographic regions, and had to comply with company policies.

Phillips' date of hire was October 29, 2015, but she did not actually begin working for Spireon until December 2015 or January 2016. She was assigned Andy Seckinger ("Seckinger") as her direct supervisor. Seckinger in turn reported to Dave Boekholder ("Boekholder"), Vice President for Sales.

Shortly after starting work, Phillips complained to Seckinger that her starting salary of $36,000 was too low. Seckinger approached Boekholder on her behalf, and through their efforts, her salary was increased to $50,000, effective January 1, 2016. Phillips testified in her deposition, that, once her salary was increased, she no longer considered it to be too low, or based on her gender. [Doc. No. 27-4, p. 140].

Phillips, who is married, alleges that in January of 2016 Seckinger began a campaign of repeated and unwanted sexual harassment by phone calls and text messages. She alleges that he told her he wanted her, that he did not want to see her with another man, and that he would take care of her. She states that in February 2016 he called and said he was jealous and did not like her working with Boekholder. He also asked her to pick him up from an airport in Dallas and drive him to Oklahoma City, which she refused to do. She further alleges that he called her at home and stated he wanted to have sex with her. On one occasion in Little Rock, Arkansas, he tried to get her into his hotel room and expressed the wish that she would stay in the same hotel.

Phillips alleges that around February 16 through 19, 2016, she told Boekholder of the harassment by Secklinger and was told that it would be taken care of.

Seckinger took a personal leave from February 8 until March 8, 2016. Boekholder transferred Phillips to Michelle Jackson ("Jackson"), who remained her supervisor until Phillips's resignation.

Phillips alleges that the management of Spireon retaliated against her for making the complaint of sexual harassment by doubling her sales quotas for the second quarter of 2016, denying her commissions she had earned, taking accounts from her, and delaying orders she placed for customers. She states that, as a result of this harassment and retaliation, she resigned her position as of June 1, 2016. She contends she was, in effect, constructively terminated by the retaliatory treatment she received after complaining of sexual harassment.

On September 23, 2016, Phillips filed a charge of discrimination with the EEOC, and on March 7, 2017, the EEOC issued Phillips a Notice of Right to Sue [Doc. No. 1-1]. Phillips filed this suit on June 16, 2017, alleging discrimination in pay based on her gender, sexual harassment by a supervisor, retaliaton for complaining of sexual harassment, and that she was constructively discharged after reporting the harassment. [Doc. No. 1].

On May 9, 2019, Spireon filed this Motion for Summary Judgment seeking the dismissal of all of Phillips' claims. Spireon asserts that Phillips resigned her position with Spireon because she did not enjoy the work and was not succeeding at it. She went from selling GPS units when, where and how she wanted as an independent contractor with Position Plus GPS to working as an employee of a company with policies and procedures she did not like and refused to follow.

The motion is fully briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248.)

B.  **Gender-Based Wage Discrimination Claim**

Phillips alleged in her Complaint that the base salary of $36,000 she was offered when she agreed to work for Spireon was lower than the base salary of male employees doing the same work with the same experience. [Doc. No. 1, ¶ 11].

Spireon moves for summary judgment on Phillips's gender-based wage discrimination claim on the grounds that Phillips did not actually begin working for it until mid-January 2016, and that her base salary was increased as of January 1, 2016, to $50,000. Since she stated in her deposition that once her base salary was increased to $50,000, she no longer considered it to be too low, or based on her gender, Spireon contends it is entitled to summary judgment for that reason alone.

Furthermore, Spireon contends that, to the extent Phillips may be making a claim for the two months base salary she received from Spireon in November and December of 2015, before she actually started work, Spireon is entitled to summary judgment because Phillips has no direct or circumstantial evidence of discrimination.

In the context of Title VII, direct evidence includes any statement or written document showing a discriminatory motive on its face. *Portis v. First Nat'l Bank*, 34 F.3d 325 (5th Cir. 1994). In the absence of direct evidence, a plaintiff must instead rely on circumstantial evidence to prove that she was paid less than a proffered comparator, not in her protected class, for work requiring substantially the same responsibility. *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). The proffered comparator must be similarly situated to the plaintiff to satisfy the *McDonnell Douglas* test. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253 (5th Cir. 2009). A variety of factors are considered when determining whether a comparator is similarly situated, including job responsibility, experience, and qualifications. *Hersterv. Board of Supervisors of La. State*

*Univ.*, 887 F.3d 177 (5th Cir. 2018).

In her deposition, Phillips testified:

> Q. Okay. And your base salary was actually increased to $50,000. Do you feel like the $50,000 base salary was too low and that it was too low based on your sex, that you're a woman?
>
> A. No.
>
> Q. You do not feel that way?
>
> A. No.

[Doc. No. 27-4, p. 140]

In her Statement of Material Facts, however, Phillips states that she feels her base salary should have been raised to $70,000, which she claims, but produces no summary judgment evidence to prove, was the base salary of a co-worker who had a smaller territory and therefore had very little travel to get to his accounts. [Doc. No. 34, p. 2].

Although Phillips does not identify the co-worker to whom she is referring in her Statement of Material Facts, in her deposition Phillips testified she was aware of the salary of only one Spireon employee not in her protected class. That (former) employee was Warren Chiaparelli ("Chiaparelli"), who, unlike Phillips, had been an employee rather than an independent contractor of Position Plus before Spireon's acquisition and whose exclusive region was much smaller than hers. (Doc. No. 27-4, p. 54-5). Phillips admitted as well that Mr. Chiaparelli sold more units than she did. [*Id.*, at p. 55].

Phillips has produced no summary judgment evidence to support her claim that her base salary (whether $36,000 or $50,000) was discriminatorily low because of her gender. She states that she was told that Chiaparelli made $70,000, but she doesn't say who told her and she offers nothing more than unsubstantiated hearsay in support of her claim. She has produced no summary

judgment evidence to show Chiaparelli, or any other Spireon employee not in her protected class with whom she is actually comparable, was paid more than her.

Therefore, in view of Phillips' admissions in her deposition and her failure to produce any summary judgment evidence to support her claim, Spireon should be granted summary judgment dismissing Phillips' gender-based wage discrimination claim.

    **C.**  **Sexual Harassment Claim**

To demonstrate that sexual harassment by a supervisor creates a hostile work environment, a Title VII plaintiff must ultimately show: "(1) that the employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; and (4) that the harassment affected a 'term, condition, or privilege' of employment." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 330 (5th Cir. 2009) (quoting *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 163 (5th Cir. 2007)); *see also Aryain v. Wal-Mart Stores Texas Lp*, 534 F. 3d 473 (5th Cir. 2008).

While denying that Phillips was subjected to harassment at all, Spireon focuses on the fourth element in its motion for summary judgment, i.e., and argues that Phillips cannot show that the alleged harassment affected a term, condition or privilege of employment.

In her opposition, Phillips attaches as an exhibit 138 pages of emails, recorded phone calls, voice messages and text messages, along with her commentary in the messages, which she claims support her allegation that Seckinger engaged in a campaign of repeated and unwanted sexual harassment. However, these communications appear to be entirely work-related and to be attempts to help her do her job and get reimbursed for work-related expenses. Nothing in them can be construed to contain sexual overtures, much less an explicit proposition.

Spireon asserts that Phillips' claim boils down to a single phone call, the recording of which Phillips claims she cannot produce because it was corrupted by an IT expert hired by her attorney. Again, she supplies no summary judgment evidence to support her claim that the recording was corrupted. Further, her testimony as to when this phone call occurred has varied.

In order to affect a term, condition, or privilege of employment, the alleged harassment must be "sufficiently severe or pervasive ... and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 116, 122 (2002) (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993)). In determining whether a hostile work environment exists, courts must consider the following circumstances: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ramsey v. Henderson Postmaster Gen.,* 286 F.3d 264, 268 (5th Cir. 2002) (quoting *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). The working environment must be both "objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton,* 524 U.S. 775, 787 (1998) (citing *Harris,* 510 U.S. at 21–22).

Title VII is not a "general civility code for the American workplace." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998).

In *Morris v. Baton Rouge City Constable's Office*, 761 Fed. App'x 433 (5th Cir. 2019), the plaintiff claimed that her supervisor (1) took her to lunch at his house, where he indicated his desire to have a romantic relationship with her; (2) the supervisor would always close office doors whenever the plaintiff would walk into his office; and (3) after the plaintiff rejected her

8

supervisor's advances, he subjected her to a pattern of discriminatory and retaliatory treatment. In affirming the trial court's granting of summary judgment in favor of the defendant, the Fifth Circuit Court of Appeal stated:

> Morris has not alleged facts (or presented evidence) showing that the alleged harassment "affected a 'term, condition, or privilege' of employment." *Woods*, 274 F.3d at 298 (quoting *Shepherd*, 168 F.3d at 873). However reprehensible the alleged conduct described is "[a] recurring point in [Supreme Court] opinions is that 'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.' " *Shepherd*, 168 F.3d at 874 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) ). Instead, "[f]or sexual harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.' " *Shepherd*, 168 F.3d at 874 (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) ). Morris has neither pleaded nor presented evidence of such facts in support of her sexual harassment claim against Jackson. We thus AFFIRM the district court's judgment dismissing Morris's claim.

[Id., at 437]

Here, the facts do not even rise to the level of those alleged in *Morris*. Phillips has produced no summary judgment evidence to show that the alleged harassment was sufficiently severe or pervasive to create an abusive working environment, that could have affected a term, condition, or privilege of employment.

Accordingly, Spireon should be granted summary judgment dismissing Phillips' claim of sexual harassment.

### D. Retaliation and Constructive Discharge

Phillips asserts that she was, in effect, constructively terminated by the retaliatory treatment she received after complaining of sexual harassment and, therefore, she experienced a tangible employment action in the form of a constructive discharge.

9

"[A]n employer is strictly liable for supervisor harassment that culminates in a constructive discharge." *Aryain*, 534 F.3d at 480. A constructive discharge occurs when the employer makes working conditions so intolerable that a reasonable person in the employee's position would feel compelled to resign." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2001). The severity or pervasiveness of the harassment must be greater than what is required to prove hostile work environment. *Harvill v. Westward Communications, LLC*, 433 F.3d 428, 440. When considering whether retaliatory acts are sufficient to constitute constructive discharge, the Fifth Circuit considers a variety of relevant factors, including the following: (1) demotion; (2) reduction in compensation; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; (6) reassignment to work under a younger or less experienced superior; or (7) offers of early retirement that would make the employee worse off whether accepted or not. *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001).

Spireon contends that Phillips cannot meet her burden because she has admitted in deposition testimony that the "retaliation" she claims forced her to resign started before she ever alleged harassment. Phillips claims she was denied sales commissions, that accounts were "taken" from her, and the "girls in fulfillment" delayed or incorrectly filled orders for her customers. Spireon asserts that Phillips complained of all of these acts before she claims the harassment started, and well before she says she reported it; therefore, she has not shown retaliation or constructive discharge.

Phillips argues that her sales quota was "doubled" for the 2nd quarter of 2016, but she admits that she does not know whether other employees' quotas were similarly raised and that she has no basis to believe her quota was higher than any other employee's [Doc. No. 27-4, pp. 63-65].

Of the above factors, only number 5, "badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation" may be relevant, but while Phillips may have experienced problems with order fulfillment, she has produced no evidence that the problems she experienced after her alleged report were motivated by ill-will rather than human error [*Id.*, pp. 125-26]. Phillips did not agree with certain Spireon policies, but she has no evidence that the policies were instituted specifically to punish her or were not equally applied to all employees [*Id.*, pp 45-46; 122-25].

Therefore, Spireon should be granted summary judgment dismissing Phillips' claims of retaliation and constructive discharge.

### III. CONCLUSION

For the reasons set forth above, Spireon's Motion for Summary Judgment [Doc. No. 27] is **GRANTED**. Phillips' claims of wage discrimination because of her gender, sexual harassment by a supervisor, retaliation, and constructive discharge are **DISMISSED WITH PREJUDICE.**

MONROE, LOUISIANA, this 20th day of June, 2019.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**